HORACE CRANE, PLAINTIFF-RESPONDENT, v. HARRY DILLMAN AND REBA DILLMAN, HIS WIFE, DEFENDANTS-APPELLANTS.

Submitted January 18, 1938—Decided May 17, 1938.

Before Justices CASE, DONGES and PORTER.

For the plaintiff-respondent, *Joseph R. Megill.*

For the defendants-appellants, *Charles S. Smith.*

The opinion of the court was delivered by

PORTER, J. The plaintiff claimed to have built a portion of a motor boat for the defendants for certain agreed amounts. The action is for the recovery of the amount claimed on the expressed contract, together with the reasonable value of the services rendered on the common count of *quantum meruit.*

The trial court found that there was no contract as alleged, but gave judgment for the plaintiff against both defendants for the value of the services on the *quantum meruit* count.

From this judgment the defendants appeal on the ground that there was a bill of particulars demanded and furnished in which no claim was made on the *quantum meruit* count, but on the contrary, sole reliance made on the alleged specific agreement, and that the issue was thus limited. Error was committed in rendering judgment on an issue not properly before the court.

The law is too well settled for citation of authority that the purpose of a bill of particulars is twofold; for the purpose of information of the details of the plaintiff's case, and of limiting the plaintiff's proofs at the trial so that the defendant may be fully apprised for the preparation of his defense.

Thus is raised the pertinent question of whether or not the bill of particulars did in fact in the instant case restrict recovery to those issues therein referred to, and exclude issues alleged in the state of demand and not mentioned in the bill of particulars. Certainly the bill of particulars might well be directed to but one issue in a case and ignore other issues. Here it is apparent that the defendant desired and demanded

particulars as to liability only as to the allegation in the state of demand. No information was asked with respect to reasonable value of the services, and thus no demand made. However, that fact did not act as a waiver of the claim nor restrict proof as to it. Reliance is made by the defendant on *Kent* v. *Phenix Art Metal Co.*, 69 *N. J. L.* 532. The instant case is clearly distinguishable from it. There the demand was for complete particulars on which the action was based, and not as here, on but the one count.

We conclude that the triable issues were as the court found both on the special contract and also on the *quantum meruit* count.

Judgment is affirmed, with costs.